***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission AFFIRMS the Opinion and Award of Deputy Commissioner Baddour.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. An employee-employer relationship existed between the parties at all relevant times.
3. Discovery Insurance Company is the carrier on the risk.
 *********** EXHIBITS
The following exhibits were admitted into evidence:
 (a) Plaintiff's Exhibit 1: Agreement and General Release
 (b) Plaintiff's Exhibit 2: Triangle Orthopaedic Medical Record dated January 7, 2008
 (c) Defendants' Exhibit 1: Mediated Settlement Agreement
 (d) Defendants' Exhibit 2: Compromise Settlement Agreement
 (e) Defendants' Exhibit 3: Order Approving Compromise Settlement Agreement
 (f) Defendants' Exhibit 4: Copy of Check Issued to Plaintiff
 *********** ISSUES (a) Whether the parties' Compromise Settlement Agreement that was approved by the Industrial Commission should be set aside?
 ***********
Based upon all of the competent evidence of record, the Full Commission makes the following: *Page 3 
 FINDINGS OF FACT
1. On June 2, 2008, Plaintiff was represented by attorney Robert McClanahan of Durham, North Carolina, and both attended a Mediated Settlement Conference to discuss settlement of Plaintiff's lower back injury claim.
2. At this Mediated Settlement Conference, both Plaintiff and her attorney signed a Mediated Settlement Agreement, along with Defendants, agreeing to settle Plaintiff's claim through a Final Compromise Settlement Agreement for $17,000.00.
3. Defendants drafted a Compromise Settlement Agreement that was signed by Plaintiff and her attorney on June 20, 2008 and subsequently submitted to the Industrial Commission for approval.
4. On July 7, 2008, Special Deputy Commissioner Elizabeth M. Maddox issued an Order Approving Compromise Settlement Agreement.
5. No appeal was taken from the aforesaid Order Approving Compromise Settlement Agreement.
6. Defendants made a full and final payment to Plaintiff and her attorney on July 10, 2008.
7. Plaintiff filed a request for hearing in a hand written letter to the Industrial Commission on September 16, 2008.
8. Plaintiff's hand written letter sought to re-open and secure additional compensation in connection with her claims that were previously resolved, by consent of the parties, and by issuance of the Order Approving Compromise Settlement Agreement. *Page 4 
9. The parties' Compromise Settlement Agreement was not procured by the fraud, misrepresentation, or undue influence of the Defendants or any of their representatives nor was it based on a mutual mistake involving any of the Defendants or their representatives.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to establish error due to fraud, misrepresentation, undue influence, or mutual mistake with regard to the settlement of her claim by Compromise Settlement Agreement, and therefore the Compromise Settlement Agreement may not be set aside. N.C. Gen. Stat. § 97-17.
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim to set aside the Compromise Settlement Agreement executed on June 20, 2008 and approved by the Industrial Commission on July 7, 2008 must be, and the same is hereby, DENIED.
2. Each side shall pay its own costs.
This the __ day of December 2009.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER